**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MOHAMMADREZA JABBARI-SAHEBARI, <br><br> Petitioner, <br><br> v. <br><br> CHRISTOPHER J. LAROSE, Senior Warden, Otay Mesa Detention Center; PATRICK DIVVER, Field Office Director, San Diego Office of Detention and Removal, U.S. Immigration and Customs Enforcement; TODD M. LYONS, Acting Director, U.S. Immigration and Customs Enforcement, U.S. Department of Homeland Security; and KRISTI NOEM, Secretary, U.S. Department of Homeland Security, <br><br> Respondents. | Case No.:  26cv0792 DMS MSB <br><br> **ORDER GRANTING PETITION** |

This case comes before the Court on the Petition for Writ of Habeas Corpus.

1

Respondents filed a Return to the Petition, and Petitioner filed a Traverse.[1]  For the following reasons, the Petition is granted.

Petitioner is a citizen of Iran.  On April 15, 2025,[2] he entered the United States without inspection and was apprehended by border patrol agents.  He was determined to be inadmissible and taken into Immigration and Customs Enforcement ("ICE") custody.  Petitioner has been in custody since that time and is presently confined in Otay Mesa Detention Center.  Petitioner was initially processed as an expedited removal, but on July 7, 2025, he was served with a Notice to Appear, which initiated full removal proceedings. (Decl. of Hugo Lara Martinez in Supp. of Return ¶¶ 6-8.)[3]  It appears that at some point during his detention, Petitioner requested a custody redetermination hearing before an immigration judge, which was denied on September 5, 2025, on the ground the court lacked jurisdiction because Petitioner was subject to expedited removal.  (Return, Ex. 4.) Petitioner is currently scheduled for a hearing before an immigration judge in his removal proceedings on April 20, 2026.  (Martinez Decl. ¶ 9.)

On February 9, 2026, Petitioner filed the present case alleging seven claims, only three of which are re-alleged in the First Amended Petition.  First, Petitioner alleges his detention was arbitrary and capricious, and therefore in violation of the Administrative Procedure Act ("APA").  Second, Petitioner alleges Respondents' decision to place Petitioner in expedited removal proceedings was also a violation of the APA.  Third, Petitioner alleges his detention without notice or an opportunity to be heard and his

---

[1] On the same day Petitioner filed his Traverse, he also filed a motion for leave to file a First Amended Petition.  (*See* ECF No. 6-1.)  According to Petitioner, the First Amended Petition "remove[s] material inadvertently included and does not seek to add arguments or causes of action."  (Mot. at 1.)  The Court grants that motion.

[2] The Petition and First Amended Petition state Petitioner was arrested on July 7, 2025.  (Pet. ¶ 21; First Am. Pet. ¶ 21.)  However, the evidence reflects Petitioner was taken into custody on April 15, 2025. (Return, Ex. 1.)

[3] In both the Petition and First Amended Petition, Petitioner suggests his full removal proceedings were dismissed in favor of expedited removal proceedings.  (Pet. ¶ 90; First Am. Pet. ¶ 62.)  However, the record reflects the opposite occurred, i.e., Petitioner was initially processed for expedited removal but later put in full removal proceedings.

detention without a meaningful bond hearing violated his due process rights. Respondents argue the Court lacks jurisdiction to consider Petitioner's claim, Petitioner is properly detained under 8 U.S.C. § 1225(b)(2)(A), and his continued detention does not violate due process.

In *De la Torre Duran v. Doe*, Case No. 25cv3230 DMS (DDL), this Court addressed a due process claim similar to Petitioner's claim here that his due process rights are being violated by his continued detention without a bond hearing. *See also Ogandzhanian v. Warden of Otay Mesa Detention Center*, Case No. 26cv0093 DMS MSB, ECF No. 6. In *De la Torre Duran*, the Court considered the factors set out in *Banda v. McAleenan*, 385 F.Supp.3d 1099, 116-17 (W.D. Wash. 2019), to conclude the petitioner's continued detention without a bond hearing violated his due process rights. *See De la Torre Duran*, ECF No. 11. Applying those factors to the present case results in the same conclusion.[4]

Under the reasoning of *De la Torre Duran*, which the Court applies to the present case, the Court grants the Petition. Respondents are directed to arrange an individualized bond hearing for Petitioner before an immigration court within seven (7) days of this Order. The parties are ordered to file a Joint Status Report within fourteen (14) days of this Order's entry confirming Petitioner received a bond hearing and setting out the results of that hearing.

**IT IS SO ORDERED**.

Dated: March 17, 2026

Hon. Dana M. Sabraw
United States District Judge

---

[4] Because the Court grants the Petition on this claim, it declines to address Petitioner's other claims.

3

26cv0792 DMS MSB